# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARQUETTA D. JORDAN, DIAMOND A.
JORDAN, AHKILAH C. CARTER, AND
CLAYTON C. CARTER,
    Plaintiffs,

    v.

CASTLE MANAGEMENT
CORPORATION, VISTA RIDGE LIMITED
PARTNERSHIP,
    Defendants.

_____

CASTLE MANAGEMENT
CORPORATION, VISTA RIDGE LIMITED
PARTNERSHIP,
    Third-Party Plaintiffs,

    v.

U.S. MARSHALS SERVICE,
and
DISTRICT OF COLUMBIA,
and
GREGORY MIZE,
and
JODY SMITH,
and
CHARMAINE KOO,
    Third-Party Defendants.

Civil Action No.  04-1765(CKK)

## MEMORANDUM OPINION
(September 30, 2005)

Third-Party Plaintiffs Castle Management Corporation ("Castle") and Vista Ridge

Limited Partnership ("Vista Ridge") (collectively "Third-Party Plaintiffs") bring suit against

Third-Party Defendants Gregory Mize, Jody Smith, and Charmaine Koo for negligence, against

Third-Party Defendants Gregory Mize and the District of Columbia under the theory of

*respondeat superior*, and against Third-Party Defendants the District of Columbia, Gregory

Mize, Jody Smith, and Charmaine Koo for indemnification and contribution.  These claims arise

out of an eviction proceeding in the District of Columbia Superior Court.  Before this Court is a

12(b)(6) motion to dismiss Counts III–VIII of Third-Party Complaint for failure to state a claim

filed by Third-Party Defendants the District of Columbia, Gregory Mize, Jody Smith, and

Charmaine Koo.  The United State Marshals Service is also a party to the Third-Party Complaint,

but is not a party to this Motion to Dismiss.

### I: BACKGROUND

This case arises from a landlord-tenant dispute.  Third-Party Plaintiff Castle is a

corporation employed by Third-Party Plaintiff Vista Ridge to operate the property at 2514

Pomeroy Road, S.E., Washington, D.C.  Plaintiffs' Complaint (Compl.) ¶ 6; Third-Party

Complaint ("Third-Party Compl.") ¶ 4.  Vista owns the property at 2514 Pomeroy Road, S.E.

Compl. ¶ 8; Third-Party Compl. ¶ 4.  In December 1996, Plaintiff Marquetta Jordan entered into

a lease for an apartment at 2514 Pomeroy Road, S.E.  Third-Party Compl. ¶ 16.  In June 2001,

Third-Party Plaintiffs filed a Complaint in the District of Columbia Superior Court ("Superior

Court") for Possession of Real Estate against Ms. Jordan for failure to pay rent for the months of

March, April, May, and June, 2001.  Third-Party Compl. ¶¶ 16–17.  Third-Party Defendant Judge

Gregory Mize presided over the subsequent proceeding.  Third-Party Compl. ¶ 7.  A summons

was issued ordering Ms. Jordan to appear in Landlord Tenant Court on July 10, 2001.  Third-

Party Compl. ¶ 18.  Third-Party Plaintiffs allege that both the summons and the complaint were

served on Ms. Jordan by a Special Process Server by posting a copy of them to the door of 2514

Pomeroy Road, S.E., and than a copy of each was mailed to Ms. Jordan on July 2, 2001.  Third-

Party Compl. ¶ 19.  Ms. Jordan failed to appear at the July 10, 2001 hearing, at which a default

judgment was entered against her.  Third-Party Compl. ¶ 20.  Consequently, on July 27, 2001 a

Write of Restitution was entered by the Landlord Tenant Court against Ms. Jordan.  Third-Party

Compl. ¶ 21.  The writ ordered the U.S. Marshals Service to enable Third-Party Plaintiffs to take

possession of 2514 Pomeroy Road, S.E. between August 2, 2001 and September 10, 2001.  *Id.*

On August 1, 2001, Ms. Jordan requested a stay be granted against the execution of the

writ, claiming she had not received service of the Complaint for Possession of Real Estate and

that she had no notice of the eviction proceedings until August 1, 2001.  Third-Party Compl.

¶ 23.  On August 1, 2001 Third-Party Defendant Jody Smith, a clerk in the Landlord Tenant

Branch of the Superior Court, called Third-Party Plaintiffs to inform them of Ms. Jordan's

request for stay of execution; Third-Party Plaintiffs indicated they opposed the stay.  Third-Party

Compl. ¶¶ 8, 24.  That same day Third-Party Defendant Judge Mize, a judge in the Landlord

Tenant Branch of the Superior Court, granted the stay, effective through August 7, 2001, and

ordered a hearing for August 7, 2001.  Third-Party Compl. ¶¶ 6, 25.  Notice of the stay allegedly

was not conveyed to either the Third-Party Plaintiffs or to the U.S. Marshals Service, despite an

order by Judge Mize that they be informed of the stay.  Third-Party Compl. ¶¶ 25, 26.  Third-

Party Plaintiffs allege that it was Ms. Smith's and/or Ms. Charmaine Koo's duty to inform the

U.S. Marshals and the Third-Party Plaintiffs that the stay was granted.  Third-Party Compl. ¶¶ 25,

26.  Ms. Koo is also a law clerk at the Superior Court.  Third-Party Compl. ¶ 9

On August 3, 2001 the U.S. Marshals Service carried out the eviction of Ms. Jordan, and

her minor children.  Third-Party Compl. ¶ 28.  Ms. Jordan filed a complaint in Superior Court in

September, 2003, suing Third-Party Plaintiff Castle for damages sustained as a result of the

eviction.  Third-Party Compl. ¶ 30.  She requested leave to amend her complaint to add Third-

Party Plaintiff Vista Ridge in June, 2004, which was granted and became effective on August 6,

2004.  Third-Party Compl. ¶¶ 31–33.

Third-Party Plaintiffs filed the Third-Party Complaint on September 3, 2004 in Superior

Court, Civil Division.  Third-Party Compl. at 18 (Certificate of Service).  On October 13, 2004

the U.S. Marshals Service removed the case to this Court, pursuant to 28 U.S.C. §§ 1441,

1442(a), 1446, and 2679 because Counts I and II of the Third-Party Complaint allege negligence

against the Marshals Service and request indemnification and contribution against the Marshals

Service.  Notice of Removal ¶ 3.  The U.S. Marshals Service is not a party to this Motion to

Dismiss.

The subject of this Motion to Dismiss are Counts III–V, alleging one count of negligence

each against Judge Mize, Ms. Smith, and Ms. Koo for failing to notify Third-Party Plaintiffs that

Ms. Jordan's stay of execution was granted; Counts VI and VII alleging liability under the theory

of *respondeat superior* against Judge Mize for the actions of his clerks Ms. Smith and Ms. Koo,

and the District of Columbia for the actions of its employees Judge Mize, Ms. Smith, and Ms.

Koo; and Count VIII,[1] requesting indemnification and contribution from the District of

Columbia, Judge Mize, Ms. Smith and Ms. Koo for any damages Plaintiffs may be awarded.

Third-Party Plaintiffs seek to recover from Third-Party Defendants an amount equal to that

awarded to Ms. Jordan and her minor children and costs and attorneys fees accumulated in

defending the action against Ms. Jordan.  Third-Party Compl. at 12–16.  In their defense, Judge

---

[1] Count VIII is improperly numbered in the Third-Party Complaint as Count VII.  Since there cannot be
two Counts VII, the Court takes the liberty of referring to the indemnification claim as Count VIII.

Mize, Ms. Smith, and Ms. Koo claim that judicial immunity protects them from the negligence, indemnification, and contribution claims.  Memorandum of Points and Authorities in Support of Third-Party Defendants District of Columbia, Gregory Mize, Charmaine Koo, and Jody Smith's Motion to Dismiss ("Third-Party Defs.' Memo") at 4–8.  The District of Columbia and Judge Mize claim that judicial immunity protects them from suit under *respondeat superior*, Third-Party Defs.' Memo at 8–9, and the District claims protection from indemnification under the theory that protection from liability under *respondeat superior* also protects it from indemnification and contribution claims.  Third-Party Defs.' Memo at 9.  For the reasons set forth below, Third-Party Defendants' Motion to Dismiss is granted.

## II: LEGAL STANDARDS

Under Rule 12(b)(6), a motion to dismiss should be granted only if the "plaintiff[] can prove no set of facts in support of [its] claim which would entitle [it] to relief."  *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Shuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  When considering a motion to dismiss, the Court must resolve all factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  Notwithstanding this liberal construction, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Kowal*, 16 F.3d  at 1276; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III: DISCUSSION

A.       *Counts III–V: Negligence*

Third-Party Defendants Judge Mize, Ms. Smith, and Ms. Koo all claim the defense of absolute judicial immunity to protect them from the negligence claims alleged by Third-Party Plaintiffs.  Because the application of the judicial immunity doctrine is slightly different when applied to clerks rather than judges, this Court will examine first Judge Mize's, and then Ms. Smith's and Ms. Koo's, entitlement to the defense.

1.       *Judge Mize—Count III*

Judges are absolutely immune from lawsuits claiming damages arising from acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (establishing that judicial immunity is a bar to all suits except when the actions are not taken in the judges judicial capacity, or when the actions are "taken in the complete absence of all jurisdiction"); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute judicial immunity from suits for money damages for *all* action taken in the judge's judicial capacity, unless these actions are taken in the *complete* absence of *all* jurisdiction.") (emphasis added).  An act is judicial if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

Third-Party Plaintiffs allege that Judge Mize had a duty to notify them of the stay.  Third-Party Compl. ¶ 47.  Third-Party Plaintiffs expand on this allegation in their Opposition when they state that their negligence claim against Judge Mize is based on his failure to supervise his staff,

Ms. Smith and Ms. Koo.[2]  Opposition to Motion to Dismiss filed by Third-Party Defendants

District of Columbia, Gregory Mize, Charmaine Koo, and Jody Smith ("Opp'n") at 3.  In

applying the two-part test in *Mireles* for determining whether the act (or absence of the act) is a

judicial one, Third-Party Plaintiffs first allege that "supervision of staff is not an act that is

typically performed by a judge."  Opp'n at 5.  This argument fails for two reasons.  First, the

Court of Appeals for the D.C. Circuit held in *Sobomowo v. Bonner* that a claim alleging failure

by the "court" to supervise its law clerks failed because "the 'court' as an institution is not

subject to suit and its judges have absolute judicial immunity."  *Sobomowo v. Bonner*, 1 F.3d 45

(Table Decision), No. 91-5218, 1993 WL 299058, at *3 (D.C. Cir. July 22, 1993).  This finding

by the Circuit Court suggests that absolute judicial immunity extends to the supervision of law

clerks.  Second, the finding in *Sobomowo* also counters Third-Party Plaintiffs allegation that

judges do not supervise their staff.  Third-party Plaintiffs allegation is further contradicted by

Judge Richard Posner of the Seventh Circuit Court of Appeals, who notes the amount of time

that is required in order to coordinate and supervise judicial staff.  Richard A. Posner, *Will the

Court of Appeals Survive until 1984?  An Essay on Delegation and Specialization of the Judicial

Function*, 56 S. Cal. L. Rev. 761, 767–68 (1983).  While Judge Posner was speaking about the

Courts of Appeals, the theory holds true in state trial courts as well.  Staff requires supervision,

therefore judges who have staff must supervise them.  Supervision of staff is thus an act

conducted by judges.

In applying the second part of the *Mirales* test, Third-Party Plaintiffs argue that Judge

---

[2] Third-Party Plaintiffs do note that this theory was not fully plead in the Third-Party Complaint.  Opp'n at 5.  However, this Court is not basing its decision on the lack of specificity in the pleading, therefore it is unnecessary to grant Third-Party Plaintiffs' leave to file a First Amended Third-party Complaint.

Mize's actions (or lack thereof) resulted from an *ex parte* hearing at the request of Ms. Jordan on August 1, 2001.  Opp'n at 4.  Third-Party Plaintiff allege that the *ex parte* nature of the hearings resulted in their "not deal[ing] with the judge in his judicial capacity . . . ."  Opp'n at 5.  This argument is disingenuous because Third-Party Plaintiffs had dealt with Judge Mize on all other aspects of the eviction proceeding.  Third-Party Compl. ¶ 7.  Third-Party Plaintiffs were also informed that Ms. Jordan had requested a hearing when she filed her request for the stay, and they had informed Ms. Smith that they opposed the stay.  Third-Party Compl. ¶ 24.  While Third-Party Plaintiffs did not appear before the court to argue their position, they were informed of the request for a stay, to which they voiced their opposition, and they had dealt extensively with Judge Mize in his judicial capacity on the eviction proceeding of Ms. Jordan.  Thus Third-Party Plaintiffs have failed to show that Judge Mize actions were not judicial.  Judge Mize is therefore entitled to absolute judicial immunity and Count III of the Complaint is dismissed.

2.      *Jody Smith and Charmaine Koo—Counts IV and V*

Third-Party Defendants Jody Smith and Charmaine Koo claim they are entitled to judicial immunity for their actions (or inactions) that Third-Party Plaintiffs contend resulted in Ms. Jordan's suit.  In *Sindram v. Suda* this Circuit recognized "that clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  Further, the Court of Appeals found that "immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done in the 'clear absence of all jurisdiction.'" *Id.* at 1461 (quoting *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).  The Court of Appeals for the District of Columbia followed suit when it

held in *McAllister v. District of Columbia*, that "because of the [doctrine of judicial immunity's]
underlying purpose, court clerks, like judges, should be immune from damage suits for
performing tasks that are integrally related to the judicial process."  *McAllister v. District of
Columbia*, 635 A.2d 849, 851 (D.C. 1995).  The doctrine of judicial immunity's underlying
purpose is

> to maintain judicial integrity by protecting the independence of judicial
> decision-making, ensuring that important decisions are made without fear of
> personal liability or harassment by vexatious actions prosecuted by
> disqualified litigants.

*Id.* at 850 n.1.  As this Circuit said in *Sindram*, extending the immunity to clerks will protect
them from "disappointed litigants, blocked by the doctrine of absolute immunity from suing the
judge directly . . . venting their wrath on clerks, court reporters, and other judicial adjuncts."
*Sindram*, 986 F.2d at 1461 (*quoted in McAllister*, 635 A.2d at 851).

Third-Party Plaintiffs first argue that Ms. Smith and Ms. Koo are not entitled to judicial
immunity because "Third-Party Defendants [sic][3] did not deal with Judge Mize in his judicial
capacity with respect to the proceeding that preceded the negligence complained of."  Opp'n at
5–6.  This argument fails here for the same reason this Court rejected it when applied to Judge
Mize.

Second, Third-Party Plaintiffs argue that Ms. Smith is not entitled to judicial immunity
because her actions, allegedly failing to properly supervise Ms. Koo,[4] were "ministerial."  This
argument fails because in *Sindram* this Circuit specifically rejected the notion that ministerial

---

[3]  This should likely read "Third-party Plaintiffs."

[4]  Third-Party Plaintiffs again note that this was not plead in the Third-Party Complaint.  Opp'n at 6.
However, since this Court's decision is not here predicated on sufficiency of the pleadings, it is not necessary to
grant Third-Party Plaintiffs leave to file a First Amended Third-Party Complaint.

functions fell outside the protection of judicial immunity. *Sindram* 986 F.2d at 1461. In

*Sindram*, the functions the plaintiff complained of included preparation and dissemination of one

of the defendant judge's opinions, directing the plaintiff's causes of actions to the defendant

judges, and instituting an order barring the plaintiff from the court. The Court found these

function to be "indisputably integral parts of the judicial process." *Id.* If, as Third-Party

Plaintiffs contend, Ms. Smith was responsible for supervising Ms. Koo and ensuring that Ms.

Koo notified Third-Party Plaintiffs, Opp'n at 6, then this function was an integral part of the

judicial process, analogous to dissemination of orders, and Ms. Smith is entitled to the

protections of judicial immunity. Count IV of the Third-Party Complaint is dismissed.

 Ms. Koo is protected by absolute judicial immunity because dissemination of orders is a

function integrally related to the judicial process. *Sindram*, 986 F.2d at 1461. Notification of the

Third-Party Plaintiffs is analogous to the dissemination of orders the Circuit found to be

"indisputably" integral to the judicial process. Furthermore, the Third-Party Plaintiffs concede

that the act of notifying Third-Party Plaintiffs was ordered by Judge Mize. Third-Party Compl.

¶ 25. Therefore it is undisputable that Ms. Koo was acting under the authority of Judge Mize,

who, it has already been found, was acting in his judicial capacity. Count V of the Third-Party

Complaint is dismissed.

 B. *Counts VI and VII: Respondeat Superior*

 Third-Party Plaintiffs allege in Counts VI and VII that Judge Mize and the District of

Columbia are both liable for damages under the theory of *respondeat superior*. While both

Judge Mize and the District of Columbia assert similar defenses, they will be discussed

separately.[5]

### 1.   *Judge Mize—Count VI*

Third-Party Plaintiffs allege that Judge Mize is liable for the actions of Ms. Smith and Ms. Koo under the theory of *respondeat superior* because Judge Mize "was the supervisor and employer of" Ms. Smith and Ms. Koo.  Third-Party Compl. ¶ 67.  However, because this Court has already found that Judge Mize is absolutely immune from this damages action because he acted under his judicial capacity, and that Ms. Smith and Ms. Koo are immune because their actions were integral to the judicial process, it follows then that the defense of absolute judicial immunity insulates Judge Mize from this claim of liability under *respondeat superior*.  Judge Mize cannot be held liable for actions of employees if both he and his employees are immune from the action.  Therefore Count VI of the Third-Party Complaint is dismissed.

### 2.   *District of Columbia—Count VII*

Third-Party Plaintiffs also allege that the District of Columbia is liable for the actions of Judge Mize, Ms. Smith, and Ms. Koo as their "supervisor and employer."  Third-Party Compl. ¶ 70.  Municipalities are entitled to assert the defenses of their employees in a *respondeat superior* claim.  The District of Columbia Court of Appeals accepted this argument in *Powell v. District of Columbia* when it held that "since the individual employee cannot be held personally liable . . . neither can the municipality under a *respondeat superior* theory since the employer is entitled to its employees' defenses."  *Powell v. District of Columbia*, 602 A.2d 123, 1127–28 (D.C. 1992).  The Court of Appeals has also adopted this theory of imputed defenses in a case

---

[5] It should be noted that Third-Party Plaintiffs do not address Judge Mize's and the District of Columbia's argument that liability under *respondeat superior* is barred, except for stating that "[i]n the present case . . . the judicial immunity doctrine does not apply and the individual defendants can be held liable for their conduct."  Opp'n at 6.

analogous to this one.  In *McAllister v. District of Columbia*, the plaintiff sued a judge and a courtroom clerk.  He also sued the District of Columbia under the theory of *respondeat superior*. The Court of Appeals found that the judge and the clerk were entitled to judicial immunity. Consequently it also found that "[t]he immunity enjoyed by the judge and courtroom clerk is imputed to the District."  *McAllister v. District of Columbia*, 653 A.2d 849, 851 (D.C. 1995). Therefore here, where Judge Mize, Ms. Smith, and Ms. Koo have all successfully asserted the defense of absolute judicial immunity, the District of Columbia is entitled to assert the defense as well.  Absolute judicial immunity thus protects the District of Columbia, and it cannot be held liable for the actions of its employees in this case.  Count VII of the Third-Party Complaint is dismissed.

        *C.     Indemnification and Contribution—Count VIII*

The indemnification and contribution claim must also fail because all four Third-Party Defendants are entitled to the defense of absolute judicial immunity.[6]  Since each Third-Party Defendant is immune from actions for damages, Third-Party Plaintiffs cannot recover on this count.  Therefore Count VIII of the Third-party Complaint is dismissed.

## IV: CONCLUSION

For the reasons set forth above, Counts III–VIII of the Third-Party Complaint are dismissed.

                           */s/*
                           COLLEEN KOLLAR-KOTELLY
                           United States District Judge

---

[6] Third-Party Plaintiffs do not assert an argument opposing Third-Party Defendants' argument for dismissal of the indemnification and contribution claims.